

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 18, 1969

Honorable Preston Smith                  Opinion No.(M-360)
Governor, State of Texas
State Capitol Building
Austin, Texas                            Re: Question relating to the
                                             determination of the
                                             commencement and ending
                                             of the term of office
                                             of a member of the State
Dear Governor Smith:                         Securities Board.

        You have requested an opinion of this office con-
cerning the above matter, and have furnished us the following
statement:

        "On January 6, 1969, The Honorable John
        Connally reappointed Mr. Randall C. Jackson of
        Abilene, Taylor County, Texas, to be a member
        of the State Securities Board for a six-year
        term to expire on January 15, 1975.

        "On January 15, 1969, Governor Connally
        asked the advice, consent and confirmation of
        the Senate with respect to the above appoint-
        ment, and as of this date, the matter is still
        before the Senate.

        "Mr. Jackson was originally appointed a
        member of the Board on March 14, 1966, for a
        term which Governor Connally said was to expire
        on January 15, 1969.  The Senate confirmed this
        appointment on January 11, 1967.  Mr. Jackson
        was appointed to fill the unexpired term of
        Mr. Everett Fulgham of Lubbock, Lubbock County,
        who resigned on August 21, 1965.

        "Does the term of office to which Governor
        Connally appointed the said Randall C. Jackson
        begin on January 15, 1969, and end on January

                            -1775-

15, 1975? If not, when does the term of office begin and end?

". . ."

Subdivision A of Article 581-2, Vernon's Civil Statutes, created the membership of the State Securities Board, and reads as follows:

"A. The State Securities Board is hereby created for the purpose of electing the State Securities Commissioner. The Board shall consist of three citizens of the state. <u>With the advice and consent of the Senate the Governor shall biennially appoint one member to serve for a term of six years. The Governor shall, however, initially designate members of the Board for the following respective terms: one member until the installation of the Governor in 1959; one member until the installation of the Governor in 1961; one member until the installation of the Governor in 1963. Upon the expiration of these initial terms, the term of each member shall be six (6) years from the time of his appointment and qualification, and until his successor shall qualify.</u> Vacancies shall be filled by the Governor for the unexpired term. Members shall be eligible for reappointment.

". . ." (Emphasis added.)

Section 30a of Article XVI of the Constitution of Texas reads as follows:

"The Legislature may provide by law that the members of the Board of Regents of the State University and the boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, <u>and such boards as</u> may have been, or <u>may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such</u>

<u>boards to be elected or appointed every two (2)</u>
<u>years</u> in such manner as the Legislature may de-
termine; vacancies in such offices to be filled
as may be provided by law, and the Legislature
shall enact suitable laws to give effect to this
section." (Emphasis added.)

Section 30a of Article XVI of the Constitution of
Texas was adopted for the purpose of requiring staggered terms
of office on multi-member boards so that at least two thirds
of the membership would be experienced in the affairs of the
Agency, Board or Institution. Subdivision A of Article 581-2,
Vernon's Civil Statutes contains provisions which carry out
the intent of this constitutional provision and clearly
express the intent that the appointment to fill the expiring
term shall be made, in each instance, by the incoming
Governor. The Statute required the initial terms of office
to expire with the installation of the Governor, in 1959, 1961
and 1963. By this language the legislature fixed the term of
office of all future appointees to begin with the installation
of each incoming governor. As the term of office had initially
been fixed to begin and expire with the installation of the
incoming Governor, the language that the term would begin
"from the time of his appointment and qualification" and
extend for six years from that date must be considered as
surplusage since the legislature was obviously attempting
to fix the <u>tenure</u>[1] of the appointee rather than establish
the term of office. To consider this language otherwise would
allow the Governor to change the term of office by delaying

_____

[1]See Attorney General's Opinion No. M-338 (Feb. 1969) p. 1660,
from which we quote: ". . .it may be helpful to initially
refer to the statement of the Supreme Court of Texas in the
case of <u>Spears v. Davis</u>, 398 S.W.2d 921 (Tex.Sup. 1966) which
is set forth as follows:

'In order to avoid confusion, a clear distinction
must be made between the phrase, 'term of office'
and an individual's tenure of office. <u>The period of</u>
<u>time designated as a term of office may not and often</u>
does not coincide with an individual's tenure of office
. . . . .' (Emphasis added.)

the making of appointments, and disregard the provisions of Article XVI, Section 30a, Constitution of Texas requiring appointments to be made every two years.

We recognize that the installation of the Governor does not fall on the same date every two years and that this conclusion will result in the terms of office varying as much as six days. We believe, however, that this variance is de minimis and does not violate Section 30a of Article XVI of the Constitution of Texas. See Kirkpatrick v. King, 91 N.E.2d 785 (Ind.Sup. 1950); State v. Patterson, 251 P.2d 123 (Ore.Sup. 1952); 86 C.J.S. 832, et seq, Time, Sec. 9.

Under the facts furnished this office, Maurice Bullock was appointed for a term ending upon installation of the Governor in 1959; Pete Rodes was appointed for a term to expire upon installation of the Governor in 1961; Jay A. Phillips was appointed for a term to expire upon installation of the Governor in 1963. Maurice Bullock was reappointed in 1959 for a term to expire upon the installation of the Governor in 1965; Pete Rodes was reappointed in 1961 for a term to expire upon the installation of the Governor in 1967; and Everett Fulgham was appointed in 1963 to replace Jay A. Phillips and his term did not expire until the installation of the incoming Governor in 1969.

The term of office of the successor of Everett Fulgham began with the installation of the Governor in 1969 and will end upon the installation of the Governor in 1975.

---

"The questions presented here do not necessarily deal with an individual's tenure of office as a member of a particular board, agency, commission or committee, but are directed solely to the commencement date of the term of the office or membership to which he has been appointed. The individual's tenure of office in a particular office may coincide with the term of office of the position to which he has been appointed, but in some instances it will not."

## S U M M A R Y

The terms of office of the members for the State Securities Board begin and end with the installation of the Governor every six years; one-third of the members being appointed every two years by the incoming Governor upon his installation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
and John Banks
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Houghton Brownlee
Sam Kelley
Roger Tyler
Robert Owen

W. V. GEPPERT
Staff Legal Assistant